IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MELISSA TAYLOR, | § | |
| | § | No. 298, 2023 |
| Claimant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | C.A. No.: N22A-09-007 |
| | § | |
| Employer Below, | § | |
| Appellees. | § | |

Submitted: February 7, 2024
Decided:   March 21, 2024

Before **SEITZ**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

# O R D E R

This 21st day of March 2024, after careful consideration of the parties' briefs and the record on appeal, it appears to the Court that:

(1)    The Industrial Accident Board (the "IAB") found that the State of Delaware properly paid for injured employee Melissa Taylor's ketamine-infusion treatments rendered by an out-of-state provider under the Workers' Compensation Act's healthcare payment system and fee schedule.[1]  The Superior Court affirmed that decision.[2]  Taylor now appeals.

---

[1] *Taylor v. State*, No. 1447456 (Del. I.A.B. Sep. 6, 2022).
[2] *Taylor v. State*, C.A. No. N22A-09-007 (Del. Super. Aug. 14, 2023).

1

(2) The Workers' Compensation Act (the "Act") established the Oversight Panel to create and maintain the fee schedule. The schedule sets the maximum allowable payment for a given treatment. The Act allows out-of-state providers who are not licensed in Delaware or certified under the Act to avoid preauthorization requirements if they accept payments made under the schedule. By accepting these payments, out-of-state providers are deemed paid in full and are thereby prohibited from "balance billing"—that is, seeking recovery of the difference between what was charged and what was paid—the patient, employer, or insurance carrier.

(3) In 2016, Taylor was injured while working for the State. The State acknowledged Taylor's injury and agreed that her treatment was reasonable and compensable. From 2017 to 2021, the State paid for Taylor's 23 ketamine-infusion treatments, which are a form of pain management. But in a petition for additional compensation, Taylor claimed that some of the payments—particularly those made in 2019 and thereafter—were insufficient under the fee schedule. It appears that, before that, in 2017 to 2018, the State was, in most instances, overpaying for each treatment. When the State contracted in 2019 with a new bill-review company that appears to have applied the fee schedule more accurately, the State paid substantially less for each remaining treatment. This prompted Taylor to file her petition for additional compensation.

2

(4)     On appeal, Taylor asserts a single claim of error, asserting that the IAB failed to apply the Act, its regulations, and *Del. Veterans Home v. Dixon*,[3] which, according to Taylor, required the IAB to assess the adequacy of the billing codes by referring to resources from the American Medical Association or the National Correct Coding Institute. This argument misses the mark as it suggests that the IAB bore the burden to present and apply that evidence.

(5)     At the IAB hearing in August 2022, Taylor bore the burden of proof on whether the billing codes used by the provider of ketamine-infusion treatments were insufficient or inaccurate. Because by regulation the billing codes under the fee schedule either conform to or are informed by resources from the American Medical Association and the National Correct Coding Institute, Taylor could have presented such evidence to make her case. *Dixon* itself explains that the petitioner carries the burden in a case like this.[4] But Taylor never did, and thus the IAB did not err when it denied the petition for additional compensation.

(6)     Although in limited circumstances our courts have been a proper forum for providing relief in cases concerning the fee schedule,[5] whether the Act's fee schedule or a specific billing code provides reasonable compensation for a

---

[3] 2016 WL 6561451, at *6 (Del. Super. Nov. 4, 2016).

[4] *Id.* at *7.

[5] *See generally Quaile v. Nat'l Tire and Battery*, 2022 WL 2527619 (Del. Super. July 7, 2022) (when an employer refused to pay for medical treatments); *Kalix v. Gile & Ransome, Inc.*, No. 1280555 (Del. I.A.B. Sep 6, 2017), *aff'd Giles & Ransome v. Kalix*, 2018 WL 4922911 (Del. Super. Oct. 9, 2018) (when a provider's service was not listed in the fee schedule).

particular treatment is an issue to be evaluated, not by the courts, but in the first instance by the Workers' Compensation Act's Oversight Panel, a 24-member body that created and maintains the fee schedule.[6]

(7)     For these reasons, we affirm the IAB's September 6, 2022 Decision on Petition to Determine Additional Compensation Due on the basis of and for the pertinent reasons stated in the Superior Court's August 14, 2023 Order.

NOW, THEREFORE, IT IS ORDERED that the Decision of the Industrial Accident Board and the Order of the Superior Court are AFFIRMED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

[6] *See generally* 19 *Del. C.* §§ 2322A, 2322B.